IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY TURNER, #B-18636,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00131-SMY |
| ) | |
| **WARDEN SPILLER,** ) | |
| **JOSEPH YURKOVICH, and** ) | |
| **ORANGE CRUSH TACTICAL TEAM,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Terry Turner, an inmate currently incarcerated at Western Illinois Correctional Center, brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint arises out of events that occurred in April 2014 while Plaintiff was an inmate at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff alleges that his rights were violated during a strip search and cell shakedown conducted by the Orange Crush Tactical Team at Pinckneyville in April 2014. Plaintiff asserts constitutional, federal, and Illinois state law claims.

**Merits Review Under 28 U.S.C. § 1915A**

The complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may

be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## **The Complaint**

Sometime in April 2014, Plaintiff's housing unit at Pinckneyville was searched by the Orange Crush Tactical Team. (Doc. 1, p. 6). The team consisted of both male and female officers. Plaintiff recognized some of the officers, but none was wearing a name badge. *Id*. The search began with officers "yelling, whooping, and hitting their batons on the walls" as they entered the housing unit and ordered all inmates to strip. *Id*. at 7. Plaintiff, along with all of the other inmates on the unit, was then subjected to a visual strip search which included bending over, spreading his buttocks and lifting his genitals in front of female officers. Plaintiff was then ordered to open his mouth using his fingers. *Id*.

Following the strip search, Plaintiff and the other inmates were ordered to get dressed, face the wall and keep their "fucking heads down." *Id*. Officers then proceeded to tightly handcuff the inmates' wrists while forcing the inmates' hands into a painful and awkward position. *Id*. When Plaintiff complained that the cuffs were cutting into his wrists, an officer

told him to shut his "fucking mouth" and forced his head further down. *Id*. The inmates were then ordered to line up so that their genitals came in contact with the buttocks of the man in front of them. *Id*. All of this occurred while members of the Orange Crush team hit their batons on their hands and chanted "punish the inmates." *Id*.

While Plaintiff was standing in line, an officer grabbed him by the back of his head and slammed his head into the inmate in front of him. Plaintiff states that his head was slammed so forcefully against the inmate in front of him that he became dizzy and lightheaded. *Id*. Next, an officer "shoved" his baton between Plaintiff's legs and jerked it upwards, causing Plaintiff to straighten his legs and to bend forward into the inmate in front of him. *Id*. at 8. The inmates were then ordered to march in this formation to the gym. *Id*. Once in the gym, Plaintiff and other inmates were forced to stand in the stress position for several hours while the Orange Crush team yelled, "This is punishment for your sins." *Id*. Plaintiff, along with the other inmates, were "forbidden" to ask for medical attention, water or a bathroom break and threatened with segregation if they complained. *Id*.

Upon returning to his cell several hours later, Plaintiff discovered that his property had been thrown all over his cell and that several items were missing, including some of his legal papers. *Id*. Plaintiff asserts that his missing property (i.e., potato chips, soda pop, candy, and cookies) had been purchased at the prison commissary and, therefore, would not be considered contraband. *Id*.

Plaintiff maintains that the strip search and movement orders were "purposely conducted in a humiliating manner." *Id*. He further contends that Defendants Spiller and Yurkovitch were present and participated in the shakedown and that the tactics used were adopted pursuant to a policy "implemented, overseen, and encouraged" by the Illinois Department of Corrections

director and supervisor. *Id*. Plaintiff seeks injunctive and monetary relief.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a member of that class. Due to the similarities between the two cases and the need to consolidate judicial resources, Plaintiff's case was transferred to the undersigned judge.

With the above in mind, the Court will evaluate Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. In his complaint, Plaintiff lists five discrete causes of action, which are set out below.

> **COUNT 1:** **Eighth Amendment claim against all Defendants for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown, and related actions;**
>
> **COUNT 2:** **Conspiracy under 42 U.S.C. § 1983, in that Defendants agreed to deprive Plaintiff of his constitutional rights and protect one another from liability;**
>
> **COUNT 3:** **Eighth Amendment claim for failure to intervene to prevent the violation of Plaintiff's constitutional rights;**
>
> **COUNT 4:** **Violation of the Prison Rape Elimination Act, 42 U.S.C. § 15607; and**
>
> **COUNT 5:** **Intentional infliction of emotional distress under Illinois state law.**

Given the similarity between Plaintiff's complaint and the complaint in *Ross*, the fact that the complaint in *Ross* was permitted through screening, and the fact that a motion to dismiss was recently denied in *Ross* (as to Counts 1, 2, 3, and 5) (*see Ross v. Gossett*, Case No. 15-cv-309-

SMY-SCW, Doc. 76) the Court is of the opinion that Counts 1, 2, 3, and 5 (which are identical to Counts 1, 2, 3, and 5 in *Ross*) cannot be dismissed in this case, at this time.

However, Count 4 shall be dismissed. In the same order in *Ross* in which the Court denied the Defendant's motion to dismiss as to Counts 1, 2, 3, and 5, the Court granted Defendant's motion to dismiss Count 4, the Prison Rape Elimination Act ("PREA") claim. (*See Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76). In that Order, the Court noted:

> While the PREA was intended in part to "increase the accountability of prison officials" and to "protect the Eighth Amendment rights of Federal, State, and local prisoners" (42 U.S.C. §15602), nothing in the language of the statute establishes a private right of action. In fact, the section of the statute addressing prevention and prosecution is directed toward the National Institute of Corrections which is appropriated funds for establishing an informational clearinghouse, conducting training and compiling annual reports for Congress regarding the activities of the Department of Justice regarding prison rape abatement. 42 U.S.C.A. § 15604. The statute otherwise establishes findings of facts, sets forth statistics, recites research, adopts standards and provides for grant money.
>
> Further, no court that has considered the issue has found that a private right of action exists under the statute. *Amaker v. Fischer,* 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014). *See Also Krieg v. Steele,* 599 F. App'x 231, 232 (5th Cir.2015) (citing cases); *Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings,* 2012 WL 1434986, at *1 (E.D.Cal. Apr. 25, 2012) (citing cases).

*Id*. at 8. Adopting that same reasoning here, the Court finds that the PREA does not create a private cause of action. As such, Count 4 in this case, which is identical to Count 4 in the *Ross* case, shall be dismissed with prejudice.

One final note concerning identifying individual members of the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In

this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1, 2, 3,** and **5** against Defendants **SPILLER, YURKOVICH,** and **ORANGE CRUSH TACTICAL TEAM**.

**IT IS FURTHER ORDERED** that **COUNT 4** (the Prison Rape Elimination Act claim) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW for all further proceedings. *Ross v. Gossett* shall be the lead case. All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW. The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

The Clerk of Court shall prepare for Defendants **SPILLER** and **YURKOVICH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of this Memorandum and Order, and a copy of the complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **ORANGE CRUSH TACTICAL TEAM** until such

time as Plaintiff has identified specific team members by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint **in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 11, 2016**

                                                                            s/ STACI M. YANDLE
                                                                            **District Judge**