IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv–131−SMY |
| ) | |
| WARDEN SPILLER, JOSEPH ) | |
| YURKOVICH, and ORANGE CRUSH ) | |
| TACTICAL TEAM, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

On March 11, 2016, this case was consolidated with *Ross v. Gossett*, Case No. 15-cv-309-SMY-MAB. In May 2017, the Illinois Department of Corrections informed the Court that Plaintiff had been released on mandatory supervised release and was no longer housed at Western Illinois Correction Center (Doc. 10). Accordingly, the Court ordered Plaintiff to file a notice of change of address within 14 days. *Id.* Plaintiff failed to respond.

This matter was severed from the *Ross* case (Doc. 13) on March 25, 2019, and Defendants filed their Answer to Plaintiff's Complaint on August 21, 2019 (Doc. 16). On October 9, 2019, the Court, once again, ordered Plaintiff to update his address (Doc. 18). Plaintiff was warned that his case would be dismissed with prejudice if he did not update his address by the deadline (Doc. 18). On November 4, 2019, after Plaintiff failed to update his address, Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 19). To date, Plaintiff has not complied with the Court's directives to update his address nor has he responded to Defendants' Motion to Dismiss.

1

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with two court orders and for failure to prosecute. *See* FED. R. CIV. P. 41(b). The dismissal does not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). This dismissal does not count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: June 23, 2020**

s/ STACI M. YANDLE
**U.S. District Judge**